**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN DAVTYAN, a.k.a. Ruben Yedigaryan,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 07-72331<br><br>Agency No. A098-741-184<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Ruben Davtyan, native and citizen of Armenia, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

        [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we review de novo questions of law and due process claims, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We grant in part and deny in part the petition for review, and we remand.

The BIA determined in the first instance that Davtyan could relocate within Armenia to avoid persecution. In light of our intervening decision in *Brezilien v. Holder*, 569 F.3d 403, 414 (9th Cir. 2009) (remanding because the BIA has not made clear whether internal relocation is a factual or a legal issue), we grant the petition for review as to Davtyan's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam); *see also* 8 C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice . . . the Board will not engage in factfinding in the course of deciding appeals.").

Substantial evidence supports the BIA's denial of CAT relief because Davtyan failed to establish it is more likely than not that he will be tortured if returned to Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

The IJ acted within his discretion in granting the government's motion for a continuance and Davtyan was not prejudiced by any bias the IJ may have had. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2006).

Because our review is limited to the administrative record, we decline to consider Davtyan's Supplemental Background Exhibits. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Davtyan's request for judicial notice is denied.

The government's motion to strike Davtyan's brief is denied.

Each party shall bear its own costs.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

07-72331